FILE BY FAX

# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 625-1600
GERAGOS@GERAGOS.COM

SHELLEY KAUFMAN   SBN 100696
MARG J. GERAGOS   SBN 198325
Attorneys for Plaintiffs Kulbir Dhaliwal and Amritpal Dhaliwal

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KULBIR DHALIWAL; AMRITPAL DHALIWAL, <br><br> Plaintiffs, <br><br> vs. <br><br> THE SAN FRANCISCO ZOOLOGICAL SOCIETY; CITY AND COUNTY OF SAN FRANCISCO; SAM SINGER; SINGER ASSOCIATES, INC., a California corporation; and DOES 1 through 10, inclusive; <br><br> Defendants. | Case No.:  CV  5094 <br><br> COMPLAINT FOR DAMAGES <br><br> 1. Violation of Civil Rights (42 USC §1983) <br> 2. Violation of Civil Rights - Monell <br> 3. Negligence- Strict Liability <br> 4. Negligence <br> 5. Libel and Slander <br><br> DEMAND FOR TRIAL BY JURY |

Plaintiffs herein allege as follows:

## INTRODUCTION

1.      This is a civil rights action for damages brought by Plaintiffs against law enforcement officers who unlawfully seized Plaintiffs' vehicle in violation of the Fourteenth Amendment of the United States Constitution and for negligence and strict liability arising out of an attack on Plaintiffs by a tiger at the San Francisco Zoo on December 25, 2007.

COMPLAINT

1

## JURISDICTION AND VENUE

2     2.     The Court has jurisdiction over this action pursuant to 28 U.S.C.

3   Section 1331 (federal question) and 28 U.S.C. Section 1343(3) (civil rights).  Venue

4   lies in the Northern District of California, the judicial district in which the claim

5   arose, pursuant to 28 U.S.C. Section 1391(b).

6

7

## PLAINTIFFS

8     3.     Plaintiffs Kulbir Dhaliwal and Amritpal Dhaliwal are the injured

9   parties who reside in the County of Santa Clara, State of California.

10

11

## DEFENDANTS

12     4.     At all times herein mentioned The San Francisco Zoological Society

13   ("Zoo") was a corporation duly organized and existing under the laws of the State of

14   California, with its principal place of business in San Francisco, California.

15     5.     At all times herein mentioned, the City and County of San Francisco

16   was a governmental entity organized and existing under the laws of the State of

17   California.

18     6.     Defendants Does 1 through 5 were at all times herein mentioned law

19   enforcement officers with the San Francisco Police Department employed by the

20   City and County of San Francisco and acting under color of law.  Presently,

21   Plaintiffs are unaware of the true names and identities of the law enforcement

22   officers who were responsible for the seizure and retention of the Dhaliwal vehicle.

23     7.     At all times herein mentioned, Sam Singer ("Singer") is an individual

24   who does business within the jurisdiction of this Court.

25     8.     At all times herein mentioned, Singer Associates, Inc., a California

26   corporation ("Singer Associates") is a California corporation doing business within

27   the jurisdiction of this Court.

28

- 1 -                                COMPLAINT

1       9.    Plaintiffs are unaware of the true names and capacities of these

2   Defendants named herein as DOES 1 through 10, inclusive, and therefore sue said

3   Defendants by such fictitious names.  Plaintiffs will seek leave of court to amend

4   this complaint to allege the true names and capacities of said Defendants when the

5   same are ascertained.  Plaintiffs are informed and believe and thereon allege that

6   each of the aforesaid fictitiously named Defendants is responsible in some manner

7   for the happenings and occurrences hereinafter alleged, and the Plaintiffs' damages

8   and injuries as herein alleged were caused  by the conduct of said Defendants.

9       10.    A claim for damages was timely presented to Defendants.  Less than

10  six months has passed since the denial of the Plaintiffs' claims.

11

12                                      **FACTS**

13      11.    On Christmas day of 2007, Kulbir Dhaliwal, his brother Amritpal

14  Dhaliwal, and their friend, Carlos Sousa, Jr., went to the San Francisco Zoo.  After

15  viewing a number of exhibits, towards dusk, they purchased some food from the

16  café and went to see the tiger exhibit.  The tiger leaped out of its enclosure and

17  attacked Amritpal Dhaliwal.  Kulbir and Carlos came to Amritpal's aid.  Tragically,

18  the tiger turned on Carlos and killed him while the horrified Kulbir and Amritpal

19  were able to escape.  Kulbir ran to the nearby café to summon help.  The attendant

20  did not believe Kulbir when he yelled that a tiger was loose.  The attendant would

21  neither help Kulbir nor provide shelter.  After waiting for help for approximately

22  twenty minutes, Kulbir was then viciously mauled by the tiger.  Police finally

23  arrived and were forced to shoot and kill the tiger as the tiger turned on them.

24  Kulbir and Amritpal were transported to San Francisco General Hospital in critical

25  condition where they remained hospitalized for several days.

26      12.    Following the tiger attack, without authorization or legal authority, law

27  enforcement officers towed the Dhaliwal's vehicle from the San Francisco Zoo's

28

                    - 2 -                    COMPLAINT

1  parking lot and refused to release the vehicle to them.  Approximately two weeks

2  later, after unlawfully seizing and holding the vehicle, the City and County of San

3  Francisco sought a court order to inspect the vehicle.

4

5                          **FIRST CAUSE OF ACTION**

6                    (Violation of Civil Rights 42 U.S.C. 1983

7            by Plaintiff Kulbir Dhaliwal against Defendants Does 1-5)

8        13.     Plaintiffs incorporate by reference each and every allegation

9  contained in the paragraphs above, as if fully set forth herein.

10       14.     Defendants, and each of them, by seizing, holding and refusing to

11 release Plaintiff's vehicle without legal authority violated Plaintiff's constitutional

12 rights under the Fourth and Fourteenth Amendment to the Constitution of the

13 United States.  The Fourth and Fourteenth Amendments are made applicable to the

14 States pursuant to 42 U.S.C. § 1983.

15       15.     In acting as alleged herein, Defendants, and each of them, caused

16 Plaintiff to be deprived of his property and caused injury and damage in an amount

17 to be determined at the time of trial.

18       16.     Due to the conduct of Defendants, and each of them, Plaintiff has been

19 required  to incur attorneys' fees and will continue to incur attorneys' fees, all to

20 Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42

21 U.S.C. §1988.

22       17.     Defendants, and each of them, acted with a conscious disregard of

23 Plaintiff's rights conferred upon them by Section 1983, Title 42 of the United States

24 Code, the Fourth and Fourteenth Amendment to the United States Constitution and

25 California Civil Code Section 3333, by unlawfully seizing, holding and refusing to

26 release Plaintiff's vehicle to him.  Such conduct constitutes malice, oppression,

27 and/or fraud under California Civil Code Section 3294, entitling Plaintiff to punitive

28

                              - 3 -                    COMPLAINT

1  damages against the individual Defendants in an amount suitable to punish and set

2  example of said Defendants.

3

4  ## SECOND CAUSE OF ACTION

5  (Violation of Civil Rights- Monell by Plaintiff Kulbir Dhaliwal against the City and

6  County of San Francisco and Does 5-10)

7        18.     Plaintiff realleges the above paragraphs and incorporates them as

8  though fully set forth herein.

9        19.     Defendant, the City and County of San Francisco and Does 5-10,

10  knowingly, with gross negligence, and in deliberate indifference to the

11  Constitutional rights of citizens, maintain and permit an official policy and custom

12  of permitting the occurrence of the types of wrongs set forth hereinabove and

13  hereafter.

14        20.     These policies and customs include, but are not limited to, the

15  deliberately indifferent training of its law enforcement officers in seizing, holding

16  and failing to release property to an individual when no lawful process has allowed

17  for such seizure.  Further Defendants' conduct in ratifying the actions herein

18  establish a policy and practice of violating constitutional rights.  Specifically, in

19  spite of Plaintiff's efforts and repeated requests to return the vehicle, Defendant law

20  enforcement officers withheld the vehicle as ratified and accepted by the City and

21  County of San Francisco, and the customs and policies of the City and County of

22  San Francisco were the moving force behind the violations of Plaintiff's rights.

23  Based upon the principles set forth in *Monell v. New York City Dept. of Social*

24  *Services*, the  City and County of San Francisco and Does 5 through 10 are liable for

25  all of the injuries sustained by Plaintiff as set forth above.

26        21.     In acting as alleged herein, Defendants, and each of them, caused

27  Plaintiff damages in an amount to be determined at the time of trial.

28

- 4 -

COMPLAINT

22. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, and pursuant to 42 U.S.C. § 1988 is entitled to recovery of said fees.

### THIRD CAUSE OF ACTION

(Negligence (Strict Liability) by Plaintiffs as against Zoo and
the City and County of San Francisco and Does 6-10)

23. Plaintiffs reallege and incorporate paragraphs 1 through 12 and hereby incorporate them as though fully set forth herein.

24. Plaintiffs are informed and believe that the City and County of San Francisco and the Zoo have an ownership interest in the premises where the San Francisco Zoo is housed and of the animals that reside there, including the tiger that attacked and mauled Plaintiffs.

25. As such, the Defendants are strictly liable to Plaintiffs for the injuries and damages they sustained when attacked and mauled by the tiger, a wild animal.

26. Plaintiffs have suffered and will continue to suffer from the attack, sustaining physical and emotional injuries. Plaintiffs are permanently scarred by this attack. Further, Plaintiffs have incurred and will continue to incur medical expenses and loss of earnings, all damages in a sum to be proved at the time of trial.

### FOURTH CAUSE OF ACTION

(Negligence by Plaintiffs as against Defendants Zoo and
the City and County of San Francisco and Does 6-10)

27. Plaintiffs reallege and incorporate paragraphs 1 through 12 and 24 through 26 and hereby incorporate them as though fully set forth herein.

28. Defendants Zoo and the City and County of San Francisco owe a duty of care to its invitees, in particular to the patrons of the San Francisco Zoo.

- 5 -

COMPLAINT

29.   Defendant City and County of San Francisco owes a duty to the public pursuant to Government Code Section 835 to preclude dangerous conditions on its property which result in injuries to the public.

30.   Defendants breached their duties of care by allowing the existence of a dangerous condition on public property, to wit, an enclosure for a tiger which had walls lower than the heights recommended by the Association of Zoos and Aquariums.  Because of the low walls, the tiger was able to escape and attack patrons.  The Defendants had been warned of the fact that the walls were too low by Zoo workers who had measured these walls, but the Defendants ignored these warnings and refused to raise the walls or implement other safety measures which would have protected Zoo patrons.  Defendants further breached their duties to Plaintiffs by failing to follow Zoo protocol and provide aid and assistance when the tiger was loose and Plaintiff Amritpal was severely injured and bleeding, and specifically by failing to allow entry by the Plaintiffs into a closed building so that they could be protected from further attacks by the tiger.  Defendants further breached their duties to Plaintiffs by not permitting the San Francisco Police Department to enter the Zoo immediately upon their arrival, thus delaying the response long enough that the tiger was able to find and attack Plaintiff Kulbir.

31.   Plaintiffs are informed and believe that the Zoo is an independent contractor for the City and County of San Francisco.  Pursuant to Government Code Section 815.4 , the City and County of San Francisco are liable for the tortious acts of the Zoo employees, in particular their negligent conduct.

/ / /

/ / /

- 6 -

COMPLAINT

**FIFTH CAUSE OF ACTION**

(Slander and Libel by Plaintiffs as against Defendants Zoo,

the City and County of San Francisco,

Sam Singer, Singer Associates, Inc., and Does 6-10)

32.    Plaintiffs reallege and incorporate paragraphs 1 through 12 and hereby incorporate them as though fully set forth herein.

33.    Soon after the tiger attack, Plaintiffs are informed and believe that Defendants Zoo and the City and County of San Francisco retained Sam Singer of Singer Associates, Inc. to help spin the tiger mauling for the benefit of the Zoo and the City and County of San Francisco's interest and create a negative and false image in the public regarding Plaintiffs, specifically that they were abusive to the tiger and that they were not reputable individuals.

34.    Thereafter, Defendants engaged in a publicity smear campaign against the Plaintiffs, making false and defamatory statements, with the intent of having the media publish the statements.  Some of these statements and information Singer and Singer Associates submitted to media sources included that the Plaintiffs and Sousa had sling shots, that they had been drinking at the Irish Cultural Center across from the San Francisco Zoo and had been thrown out and that they were taunting the tiger.  These statements were false.

35.    The defamatory smear campaign of false information stated and provided to the media was for the purpose of exposing Plaintiffs to contempt, ridicule and obloquy and to harm their reputation and distract from the horrific tiger mauling.

36.    As a result of the above-described words, Plaintiffs have suffered and will continue to suffer damages in the sum to be determined at the time of trial.

37.    The statements made by Singer and Singer Associates' employees were specifically designed to harm and injure the reputation of Plaintiffs and to benefit

- 7 -

COMPLAINT

the Zoo.  The wrongful acts, and each of them, were willful, oppressive, fraudulent and malicious, thus warranting the award of exemplary damages against Singer and Singer Associates in an amount adequate to punish the wrongdoers and deter future misconduct.

**WHEREFORE,** Plaintiffs pray judgment against Defendants, and each of them, as follows:

1.    For general damages in an amount according to proof;

2.    For special damages in an amount according to proof;

3.    For punitive damages on the first cause of action against the individual defendants only;

4.     For attorney fees on the first and second causes of action;

5.    For punitive damages on the Fifth Cause of Action against Singer and Singer Associates;

6.    For interest as allowed by law;

7.    For costs of suit incurred herein; and

8.    For all other relief as the court may deem proper.

Dated: November 6, 2008          GERAGOS  &  GERAGOS, APC

By: _____
SHELLEY KAUFMAN
Attorneys for Plaintiffs KULBIR DHALIWAL
and AMRITPAL DHALIWAL

- 8 -

COMPLAINT

# DEMAND FOR TRIAL BY JURY

Plaintiffs hereby request a trial by jury.

Dated: November 6, 2008          GERAGOS & GERAGOS, APC

By: _____
SHELLEY KAUFMAN
Attorneys for Plaintiffs KULBIR DHALIWAL
and AMRITPAL DHALIWAL

- 9 -

COMPLAINT